FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00173-TOR-4 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| ALEXIS ELIZABETH DUMONT-GERBER, | **MOTION GRANTED** **(ECF No. 176)** |
| Defendant. | |

On April 29, 2026, the Court held a detention review hearing to consider Defendant ALEXIS DUMONT-GERBER's Motion to Modify Release Conditions. **ECF No. 176**. Defendant appeared while in custody represented by court-appointed counsel David Miller. Assistant U.S. Attorney Jeremy Kelley represented the United States. U.S. Probation Officer Erik Carlson was also present.

Defendant seeks to reopen the question of detention, and the Court finds that Defendant's Motion to Modify Release Conditions, **ECF No. 176**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing.

Defendant, through counsel, made proffers in support of Defendant's release. Specifically, Defendant proffered a release plan wherein Defendant would temporarily release from custody on May 5, 2026, at 1:00 p.m. to Spokane Regional Stabilization Center (SRSC) to avail herself of inpatient substance abuse

ORDER - 1

treatment. The United States and U.S. Probation did not oppose Defendant's temporary release to inpatient treatment.

The Court has reviewed Defendant's Motion to Modify Conditions of Release, **ECF No. 176**. Pursuant to 18 U.S.C. § 3142, the Court has also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

The Court finds: 1) pursuant to 18 U.S.C. § 3142(i), a compelling reason exists for the temporary release of Defendant for the purpose of seeking inpatient substance abuse treatment; 2) the release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released; and 3) the United States agrees by way of the Government's affirmative non-opposition of Defendant's release plan that the temporary release conditions imposed in this Order both are sufficient to reasonably assure Defendant's future appearance and reasonably protect the community.

**IT IS ORDERED:**

1.    Defendant's Motion to Modify Conditions of Release, **ECF No. 176,** is **GRANTED**. Defendant shall be released to a Pioneer Human Services staff

ORDER - 2

escort who will transport her to the Spokane Regional Stabilization Center inpatient substance abuse facility **on May 5, 2026, at 1:00 p.m.** *PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment does not hinder or delay the adjudication of this case, and that the Defendant appear in person when required regardless of treatment status and maintain adequate contact with defense counsel.

2.    Defense counsel shall file a proposed release plan prior to a status hearing if Defendant seeks continued release following successful completion of inpatient substance abuse treatment.

3.    **Absent further order of the Court, Defendant shall return to the custody of the U.S. Marshal upon completion of treatment.**

4.    While temporarily released from the U.S. Marshal's custody, Defendant shall be subject to the following conditions:

| GENERAL CONDITIONS | |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 3 | Defendant shall sign and complete A.O. Form 199C before being released. Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |

ORDER - 3

| 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
|---|---|
| 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms in the home where Defendant resides. |
| 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| 7 | Defendant shall surrender any passport to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
| 8 | Defendant shall remain in the Eastern District of Washington, specifically at SRSC, while engaged with inpatient substance abuse treatment. |
| 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| 10 | Defendant shall contact defense counsel at least once a week. |
| | CONTROLLED SUBSTANCES AND ASSESSMENT |
| 11 | Controlled Substances Prohibition:  Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. |

ORDER - 4

| 12 | Prohibited Substance Testing:  <u>Defendant. shall. be. subject. to. random. controlled. substance. testing. administered. by. Pretrial. Services. and</u> ~~or~~ <u>. a. treatment. program. and. such. testing. shall. not. exceed.six.(❷.times.per.month.unless.Defendant.is.participating.in. inpatient. substance. abuse. treatment¡. . While. participating. in. inpatient. substance. abuse. treatment? the. treatment. facility. may. conduct. controlled. substance. testing. on. any. frequency. deemed. appropriate. by. the. facility</u> ~~treatment. program~~. Defendant shall submit to any method of testing required by the Pretrial Service Office and/or treatment program for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing. |
|---|---|
| 13 | Substance Abuse Evaluation and Treatment:  Defendant shall participate and undergo a substance abuse evaluation.  Pretrial Services may determine/approve the evaluators, schedule, and place of any evaluation.  Defendant shall be responsible for the cost of testing, evaluation, and treatment, unless the United States Probation Office should determine otherwise.  Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. <u>It.shall.be.the.responsibility.of.defense.counsel.to.provide. such.waivers¡</u> Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including inpatient treatment, outpatient treatment, and any recommended counseling.  <u>If.Defendant.terminates.any.treatment. program. before. it. is. completed? the. treatment. provider. and. Defendant.shall.immediately.notify.the.U¡S¡.Probation.Officer¡</u> |
| 14 | Alcohol Prohibition:  Defendant shall not use or possess any alcoholic beverage.  There shall be no alcohol in the home where Defendant resides.  Defendant shall not go to any establishment where alcohol is the primary item of sale. |

ORDER - 5

5. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

6. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

7. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

ORDER - 6

Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED May 1, 2026.



JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7